# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**01** CASE NO **0 7 3 4** CR-SEITZ

18 USC 2422(b)
18 USC 2253

UNITED STATES OF AMERICA

v.

FRANCO SABRI

_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

On or about July 30, 2001, in Miami-Dade County, in the Southern District of

Florida, the defendant,

**FRANCO SABRI,**

did knowingly and intentionally by means of a facility of interstate commerce, that is, by

computer via the Internet, attempt to persuade, induce, entice and coerce a person who has not

attained the age of 18 years to engage in sexual activity for which any person can be charged

with a criminal offense; in violation of Title 18, United States Code, Section 2422(b).

## FORFEITURE

As a result of the foregoing offense alleged in Count One of this Indictment, the United

States is entitled to forfeiture of, and the defendant,

**FRANCO SABRI,**

shall forfeit to the United States, any and all personal property used or intended to be used in any

manner to commit and to promote the commission of the aforementioned violation, including,

but not limited to a Dell GX110 laptop computer, serial number JN4H001.

All in violation of Title 18, United States Code, Section 2253.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
NANCY LANGSTON
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO. **01   0734** CR - SEITZ

v.

**FRANCO SABRI**

CERTIFICATE OF TRIAL ATTORNEY*

MAGISTRATE JUDGE
GARBER

**Superseding Case Information:**

_____/

**Court Division:** (Select One)

X  Miami  ___  Key West
___  FTL  ___  WPB  ___  FTP

New Defendant(s)       Yes ___   No ___
Number of New Defendants       ___
Total number of counts       ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)       No
   List language and/or dialect _____

4. This case will take   3   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                    (Check only one)

   I    0 to 5 days        X        Petty        ___
   II   6 to 10 days       ___       Minor        ___
   III  11 to 20 days      ___       Misdem.      ___
   IV   21 to 60 days      ___       Felony        X
   V    61 days and over   ___

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No)  Yes
   If yes:
   Magistrate Case No.   01-3265-STB
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of   7/31/01
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)       No

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes   X  No   If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes   X  No

NANCY LANGSTON
ASSISTANT UNITED STATES ATTORNEY
Court ID # A5500437

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

01   0734   CR-SEITZ

Defendant's Name: FRANCO SABRI                    Case No.: _____

MAGISTRATE JUDGE
GARBER

Count #: I    18 USC 2422(b)

_____

  Attempted use of internet to entice a minor to engage in sex

_____

*Max. Penalty:    15 Years Imprisonment

Count #:

_____

*Max. Penalty:
Count #:

_____

*Max. Penalty:
Count #:

_____

*Max. Penalty:

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

FEDERAL GRAND JURY INDICTMENT NO. 05 HEN 386

01   0734 CR-SEITZ

# UNITED STATES DISTRICT COURT

SOUTHERN ____ District of __ FLORIDA ____

_____ Division

## THE UNITED STATES OF AMERICA

vs.

FRANCO SABRI

# INDICTMENT

In violation of 18 USC 2422(b)
18 USC 2253

A true bill.

_____ Foreman

FGJ 00-05 (MIA)

Filed in open court this _____ day,

of August _____ A.D. 2001

_____ Clerk

Bail, $ _____



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  01-3265-Brown

UNITED STATES OF AMERICA,

      **Plaintiff,**

vs.

FRANCO SABRI,

      **Defendant.**

_____/

## DEFENDANT'S INVOCATION OF
## RIGHTS TO SILENCE AND COUNSEL

The Defendant named above does hereby invoke his rights to remain silent and to counsel

with respect to any and all questioning or interrogation, regardless of the subject matter, including,

but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial

release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to

sentencing, enhanced punishments, factors applicable under the United States Sentencing Guidelines,

restitution, immigration status or consequences resulting from arrest or conviction; appeals or other

post-trial proceedings.

The Defendant requests that the United States Attorney ensure that this invocation of rights

is honored, by forwarding a copy of it to all law enforcement agents, government officials, or

employees associated with the investigation of any matters relating to the defendant.  Any contact

with the Defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Faith Mesnekoff
Assistant Federal Public Defender
Fla. Bar No. 0390800
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Telephone: (305) 530-7000
FAX:  (305) 536-4559

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was forwarded this _____ day of August,

2001, upon United States Attorney's Office, 99 N.E. 4th Street, Miami, Florida 33132-2111.

By: _____
Faith Mesnekoff

S:\MESNEKOF\MAGCOURT.CSE\SABRI- MTSILENC.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  01-3265-Brown

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FRANCO SABRI,

      Defendant.

_____/

## DEFENDANT'S MOTION TO PRESERVE EVIDENCE

The defendant through counsel and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, moves for an order directing the government to preserve and to immediately direct its agents to preserve all of the alleged contraband evidence in this case in addition to all items of personal clothing and effects that were in the actual or constructive possession of the defendant at the time of the defendant's arrest.  In support of this motion, undersigned counsel represents as follows:

1.  The defendant has been charged with importation of and possession of with intent to distribute illegal drugs.

2.  The defendant was arrested at Miami International Airport after disembarking from an airplane which arrived from abroad.  Upon the defendant's arrest, al of his baggage and personal property were seized and taken from him.

3. It is necessary that all the alleged contraband in this case rather than just a representative sample be preserved so that the defendant has the opportunity to have an independent weighing of the contraband to confirm its exact weight.

4. It is also necessary that all items that "were obtained from or belonged" to the defendant be preserved to permit authorized discovery. *See* Federal Rule of Criminal Procedure 16 and the Standing Discovery Order. *See also United States v. Rodriguez*, 799 F.2d 649, 652 (11th Cir. 1986). Documents, packaging, suitcases and items of clothing seized from the defendant are material to the preparation of the defense as they may play an important role in uncovering admissible evidence, aiding in witness preparation or assisting in impeachment. *See United States v. Felt,* 491 F.Supp. 179 (D.D.C. 1979).

5. Furthermore, preservation of all personal property in the defendant's possession at the time of his arrest and seized from or taken from him in connection with the charges against him is necessary to the defense as that personal property may well be evidence of his lack of specific intent to import and/or distribute drugs.

6. A proposed order is attached hereto as Exhibit "A".

WHEREFORE, the defendant respectfully requests this Court to enter an order directing the government to preserve and to immediately direct its agents to preserve all of the alleged contraband evidence in this case as well as any personal property, documents or effects that were in the

defendant's actual or constructive possession at the time of his arrest.

Respectfully submitted,

KATHLEEN WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Faith Mesnekoff
Assistant Federal Public Defender
Fla. Bar No. 0390800
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1555
Telephone: (305) 530-7000
FAX: (305) 536-4559

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this _____ day of August,

2001, to U. S. Attorney's Office, 99 N. E. 4th Street, Miami, Florida 33132-2111.

_____
Faith Mesnekoff

S:\MESNEKOF\MAGCOURT.CSE\SABRI - MTPRESER.wpd

## UNITED STATES DISTRICT CO    .T
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND:

CASE NO.: _01 - 3265 - STB_

_57613-004_

UNITED STATES OF AMERICA

Plaintiff,

v.

_FruncO Sibri_       _/ 67613-004_

Defendant,

FILED by _CM_ D.C.

MAG. SEC.

**JUL 3 1 2001**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ _25,000_ _10 %_.

### STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5.  Shall not commit any act in violation of state or federal laws.

DEFENDANT: *Franco Saberi*

CASE NUMBER: _____

**PAGE TWO**

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: (✓) *as directed or* _____ *times in person and* _____ *times by telephone*;

____ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

____ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

____ e. Participate in mental health assessment and/or treatment;

____ f. Participate and undergo a sex offense specific evaluation and treatment;

____ g. Maintain or actively seek full-time employment;

____ h. Maintain or begin an educational program;

____ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

____ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

____ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

____ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

____ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

✓ n. **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will not or (✓) **will include electronic monitoring or other location verification system, paid for by the defendant based upon his/her ability to pay ( ) or paid for by Pretrial Services (✓).**

✓   **Curfew:** You are restricted to your residence every day from *10 pm* to *6 AM*, or as directed by the Court.

____   **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( ) other** _____

____ o. **HALFWAY HOUSE PLACEMENT**   The defendant shall reside at a  halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) **employment; ( ) education; ( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visits; ( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and ( ) other** _____.

____ p. May travel to and from: _____, and must notify Pretrial Services of travel plans before leaving and upon return.

____ q. Comply with the following additional conditions of bond: *Do not use computers. No contact w/ internet No contact w/ minors Check w/ employer to be sure no internet contact.*

DEFE  )ANT:_____
CASE NUMBER:_____
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFEI ANT: *Franco Sssri*

CASE NUMBER: _____

PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 31 day of Sul, 20 01, at Miami, Florida.
Signed and acknowledged before me:
WITNESS: Marshals Office
ADDRESS: _____  ZIP _____
DEFENDANT:(Signature) X _____
ADDRESS: 1397 NW 7 St #205
Miami, FL  ZIP 33172
TELEPHONE: (305) 553 3033

### CORPORATE SURETY

Signed this _____ day of _____, 20 ___, at _____, Florida.
SURETY: _____
ADDRESS: _____  ZIP _____
AGENT:(Signature) _____
PRINT NAME: _____
TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20 ___, at _____, Florida.
SURETY:(Signature) X Lidia Sabri
PRINT NAME: LIDIA SABRI
RELATIONSHIP TO DEFENDANT: Mother
ADDRESS: 1397 NW 7 St. 205
Miami  ZIP 33172
TELEPHONE: 305-553-3033

Signed this ___ day of _____, 20 ___, at _____, Florida.
SURETY:(Signature) X Khalil Sabri
PRINT NAME: Khalil Sabri
RELATIONSHIP TO DEFENDANT: Father
ADDRESS: 1397 NW 7 St. 205
Miami, FL  ZIP 33172
TELEPHONE: 305/553-3033

### APPROVAL BY COURT

Date: July 31, 2001

UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

227645

AO82
(Rev. 4/90)

ORIGINAL

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**

at _Miami_

RECEIVED FROM _Lidia Sabri_
_11397 NW 7 St #265_
_Miami, Fl 33172_
_USA vs Fruno Sabri_
_SS # 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_

| Fund | | ACCOUNT | AMOUNT |
|------|------|---------|--------|
| 6855XX | Deposit Funds | | 2,500.00 |
| 604700 | Registry Funds | | |
| | General and Special Funds | | |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | | |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | TOTAL | 2,500.00 |
| 322360 | Miscellaneous Fees | | |
| 143500 | Interest | Case Number or Other Reference |
| 322380 | Recoveries of Court Costs | 01-3265-M6-STB |
| 322386 | Restitution to U.S. Government | |
| 121000 | Conscience Fund | |
| 129900 | Gifts | _Appearance_ |
| 504100 | Crime Victims Fund | _Bond To be_ |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | _Invested_ |
| 510100 | Registry Fee | |

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK |
|------|------|-------|------|--------|--------------|
| 07/31/19 | | | | | _Hamilt_ |

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _01 - 3265 - STB_

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

                      Plaintiff,

Language __ENGLISH__
Tape No. _01D - 75 - 820_

v.

FILED by ___ D.C.
MAG. SEC.

**JUL 31 2001**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

AUSA _Nancy Langston_
Agent_____

FRANCO SABRI

                Defendant.

DOB: 11-29-78          Reg#67613-004

The above-named defendant having been arrested on ___7-30-01___ having appeared before the court for initial appearance on ___7-31-01___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
Address:_____
Zip Code:_____ Telephone: _____
2. _HFPD - Faith Mesnekoff_ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2001.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am 8/14_, 2001.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_, 2001.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
_$25K 10% Cosigned by parents, Lydia + Kahlil Sabri_
This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
✓ a. Surrender all passports and travel document to the Pretrial Services Office.
✓ b. Report to Pretrial Services as follows:___ times a week by phone, ___time a week in person;
    other: _as directed_
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___ d. Maintain or actively seek full time gainful employment.



FRANCO SABRI

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
_✓_h. Comply with the following curfew: _10 p - 6 a electronic Monitoring -PTS' expense_
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
_✓_j. Comply with the following additional special conditions of this bond:
  _not to be in presence of or have any access_
  _to computers- PTS may verify w/ employer - no contact_
This bond was set: At Arrest _____    _w/ minors_
          On Warrant _____
          After Hearing ____✓____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this_<u>31st</u>_ day of _<u>JULY</u>_
2001 .

UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

AO 91 (Rev. 5/85) Criminal Complaint AUSA BROWN

# United States District Court

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

FRANCO SABRI

FILED by _____ D.C.
MAG. SEC.

JUL 3 1 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**CRIMINAL COMPLAINT**

CASE NUMBER: 01-3265 - STB

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about July 30, 2001, in Miami-Dade County, in the Southern District of Florida, the defendant attempted to use the mail or any facility or means of interstate or foreign commerce of the United States to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in a sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

I further state that I am a Special Agent and that this complaint is based on the following facts:

### SEE ATTACHED AFFIDAVIT

TIMOTHY DEVINE, SPECIAL AGENT
UNITED STATES SECRET SERVICE
JULY 31, 2001

Sworn to before me, and subscribed in my presence,

JULY 31, 2001                                    at      Miami, Florida
Date                                                             City and State

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                    Signature of Judicial Officer

## **AFFIDAVIT**

I, Timothy R. Devine, being first duly sworn upon oath, do hereby depose and state as follows:

1.     I am a Special Agent of the United States Secret Service (USSS) and have been so employed for approximately two years.  I am currently assigned to the Miami Field Office of the USSS.  My duties include the investigation of access device fraud, computer fraud violations, and other criminal matters.  I submit this affidavit based upon information known to me personally from investigation, as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein.

2.     This is investigation is part of an undercover operation that was initiated by the High Technology Violent Crimes Task Force. I have participated in this investigation, spoken with other law enforcement agents, and have reviewed documents and transcripts of Internet communications related to this investigation. Because this affidavit is being submitted for a limited purpose of establishing probable cause, I have not included ever aspect, fact, or detail of this investigation.

3.     I know from my training and experience that "Yahoo" Internet Relay Chat is a computer program that permits individuals with access to the Internet to electronically communicate with each other in real time ("chats"). Users of this

program choose names with which to identify themselves ('nicknames" or
"screen names") during communications with other users.

4.    On 07/30/01, at approximately 3:00 P.M., I was signed onto the Yahoo Internet
Relay Chat on a computer at the United States Secret Service Miami Field Office,
using the female undercover name "Jessicadoral13." I entered the "Miami Room"
of the Yahoo Internet Relay Chat and was contacted by an individual with the
username "Letshookupinmia." "Letshookupinmia" initiated a private chat, or
electronic communication, with "Jessicadoral13." During this chat session, I
identified "Jessicadoral13" as a 13-year-old girl named "Jessica."
"Letshookupinmia" stated he was a 19-year-old male named "David." At the start
of the conversation, "Letshookupinmia" asked "Jessicadoral13" if she had ever
performed oral sex and if she would perform oral sex on him. "Letshookupinmia"
asked if he could meet "Jessicadoral13" for that purpose. "Letshookupinmia"
asked "Jessicadoral13" several questions about her sexual activity, including
whether she wanted him to teach her how to perform oral sex.
"Letshookupinmia" spoke in graphic detail about oral sex. He also asked
"Jessicadoral13" if she would try anal sex. "Letshookupinmia" asked to meet
"Jessicadoral13" at 4:30 p.m. at Doral Middle School. Agents of this service,
arranged to meet "Letshookupinmia" at 5:30 p.m. in the Las Brisas Housing
Complex, located at the corner of NW 114th Avenue and NW 58th street, Miami.
"Jessicadoral13" told "Letshookupmiami" to take the first right when entering
"Las Brisas" and that she would meet him in the area where the new houses were

being built. "Letshookupmiami" stated he would be driving a black Toyota. He asked "Jessicasdoral13" if she had any Vaseline at her house to use during sex.

5. Continuing on 07/30/01, Agents of this service accessed the "Yahoo" profile and picture posted by the individual identifying himself as "Letshookupinmia." The individual " appeared to be a white male, 20-25 years old, with glasses, and a goatee.

6. Continuing on 07/30/01, at 5:00 p.m., Agents of this service instituted surveillance at the Las Brisas Housing complex, located at NW 114 Avenue and NW 58th street. An agent of this service, acting in an undercover capacity as "Jessicadoral13" was positioned in the area where the new houses were being built.

7. Continuing on 07/30/01, at 5:10 p.m., Agents of this service observed a black Toyota enter the Las Brisas Housing complex, take the second right into the complex, and park in the area where the new houses were being built. The driver of the black Toyota appeared to be a white male with glasses and a goatee and resembled the profile picture posted on the "Yahoo" website by "Letshookupinmia." Agents approached the white male, identified themselves, and detained the subject.

8. The subject, identified as Franco Sabri, of 11397 NW 7th Street, Miami, was advised of his Miranda Rights, which he waived both verbally and in writing. Sabri stated he uses the username "Letshookupinmia" for Yahoo Internet Relay Chat. Franco stated on 07/30/01 he initiated contact on Yahoo Internet Relay Chat with "Jessicadoral13" via private chat and believed she was a 13-year-old female.

Sabri stated that he initiated a sexually explicit conversation with "Jessicadoral13." He further stated that he had agreed to meet "Jessicadoral13" at the Las Brisas housing complex and, if she looked like a well-developed 13-year-old girl, have oral sex with her.

AFFIANT SAYETH NAUGHT

SPECIAL AGENT TIMOTHY DEVINE
UNITED STATES SECRET SERVICE

SWORN TO BEFORE ME THIS

31st DAY OF JULY, 2001

STEPHEN BROWN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 01-3265-STB

UNITED STATES OF AMERICA

v.

FRANCO SABRI

_____/

## CRIMINAL COVER SHEET

1.  Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?
    _____ Yes    **X**   No

2.  Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?   _____Yes    **X**   No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY:    _____

Michael L. Brown
ASSISTANT UNITED STATES ATTORNEY
Court Number A5500468
99 N. E. 4th Street
Miami, Florida   33132-2111
TEL (305) 961-9161
FAX (305) 536-7976

FILED by _CH_ D.C.
MAG. SEC.

**JUL 3 1 2001**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA          )     Case·Number:  CR _01-3265-Brown_
                    Plaintiff     )
                                  )     REPORT COMMENCING CRIMINAL
          -vs-                    )               ACTION
                                  )
_FIANCO SAbri_                    )     _#67613·004_
                    Defendant     )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*(MIAMI)\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO:  Clerk's Office    (MIAMI)    FT. LAUDERDALE    W. PALM BEACH
     U.S. District Court          (circle one)

NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
       MAGISTRATES COURT ABOVE —

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)  Date and Time of Arrest:  _7/30/01  – 5:30_    AM/(PM)

(2)  Language Spoken:  _English_

(3)  Offense(s) Charged:  _18USC 2420 – Luring minor for_
     _SX ACT_

(4)  U.S. Citizen  [✓] Yes  [ ] No  [ ] Unknown

(5)  Date of Birth:  _11/29/78_

(6)  Type of Charging Document:  (Check one)
     [ ] Indictment  [✓] Complaint  To be filed/Already filed
         Case #_____
     [ ] Bench Warrant for Failure to Appear
     [ ] Probation Violation Warrant
     [ ] Parole Violation Warrant

     Originating District:  _Southern Dist. of Florida_

     COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] YES  [✓] NO

Amount of Bond:  $_____
Who set Bond:  _____

(7)  Remarks:  _____

(8)  Date:  _7/30/01_       (9) Arresting Officer:  _S.W. Crow_

(10) Agency:  _USSS_        (11) Phone: _305-629-1800_

DATE: _7/30/01_

MAGISTRATE: _STB_

AUSA: _Harry Wallace_

OFFENSE: _interact sex w/ minor_

DEFENDANT _Franco Sabri_

CIRCUMSTANCES _born here — lives w/ Parents_

_____

_____

_____

BOND RECOMMENDED: _$100,000 CSB w/N_

BOND SET: _OK_

DEFENDANT _____

CIRCUMSTANCES _____

_____

_____

_____

BOND RECOMMENDED: _____

BOND SET: _____

DEFENDANT _____

CIRCUMSTANCES _____

_____

_____

_____

BOND RECOMMENDED: _____

BOND SET: _____